# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-24-00505-CV

---

**Mike Felps, Appellant**

**v.**

**Louetta Felps and Jed Felps, Dependent Administrator of
The Estate of Donald Franklin Felps, Deceased, Appellees**

---

### FROM THE 424TH DISTRICT COURT OF BLANCO COUNTY
### NO. CV08016, THE HONORABLE EVAN C. STUBBS, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

This appeal arises out of a suit for title to land resolved by a summary judgment in a probate proceeding. Donald Felps, at his death in 2015, left behind property that is a subject of the probate proceeding. Donald[1] had seven children, including Mike Felps and Jed Felps. Also at his death, Donald's wife was Louetta Felps, though she is not the mother of his children.[2]

The probate proceeding involved not only competing claims about whether Donald had left any valid will but also Mike's claims seeking, among other things, title to a tract that Donald had allegedly sold to Mike during Donald's lifetime. If Mike's claim is meritorious, then

---

[1] We refer to each of the Felpses by their given names to reduce confusion.

[2] After completion of the briefing in this appeal, we received a notice of appearance of counsel from an attorney who represents one of Donald's grandchildren. The notice indicates that Louetta has died. When in a civil appeal one of the parties dies after the trial court rendered its judgment but before final disposition of the appeal, we adjudicate the appeal as if all parties were alive, and the decedent party's name may be used on all papers. Tex. R. App. P. 7.1(a)(1).

the tract should not be part of Donald's estate. Mike and Louetta cross-moved for summary judgment on Mike's claims to the tract.[3]

The trial court granted Louetta's motion and denied Mike's. Among his appellate issues, Mike argues that he had proved as a matter of law an affirmative claim for title to the tract and that Louetta's affirmative defenses did not bar his claim. We agree and so need not reach any other issue in this appeal. We reverse and render judgment for Mike for title to Donald's former interest in the tract.

## I

### A

For years in the 1980s and '90s, Donald and Mike owned and operated the Johnson City auto-shop business Felps Automotive. In 1994, they agreed that Mike would buy Donald's interest in the business. They concluded the purchase later that year. The business operated on land leased from someone else, and as the lease neared its end, Donald suggested not renting anymore. Using a grant offered to him because of his military service, Donald bought, in August 1994, the 1.94-acre tract known as Lot 33, Heritage Oaks Subdivision, as shown on the plat recorded in Volume 1, pages 170–71, of the plat records of Blanco County, and commonly referred to by the address 708 U.S. Highway 281 South, Johnson City, Texas (the Land).

Donald bought the Land for about $49,000. In late 1994, he orally agreed to sell it, including its prefabricated shop building, to Mike for $85,000. Donald allowed Mike to pay the purchase price via monthly installment payments out of Felps Automotive's monthly income.

---

[3] In the trial court, the dependent administrator of Donald's estate, Jed, was aligned with Louetta in opposing Mike's claim for title to the tract, both contending that the tract should remain part of Donald's estate. Jed, however, has not filed an appellee's brief here.

Mike began making the payments in 1995 and made the final required payment in April 2010. And because the property-tax burden for the Land became frozen given Donald's age, Mike paid the amounts for the taxes by giving the necessary money to Donald for him then to pay the taxing authorities. By 2013, Donald fell ill, requiring hospitalization, and he died in 2015 without having executed a deed for his interest in the Land to Mike. From Donald's death onward, Mike has paid the property taxes for the Land. And from April 2010 onward, Mike has been in sole possession of the Land, operating Felps Automotive from it.

## B

The underlying probate proceeding began in 2015. Since 2022, Jed has been the appointed dependent administrator of Donald's estate. And after a dispute arose about the Land, Mike filed an original pleading in the probate proceeding. One of his affirmative claims was that the Land is not part of Donald's estate, which came into being at his 2015 death, because by 2010, Mike had fully performed his oral contract to buy Donald's interest in the Land and Donald, despite not executing a deed, recognized that Mike had concluded the purchase of the Land. Mike thus pleaded for title ownership of Donald's interest in the Land.

Louetta had intervened in the probate proceeding. She moved for a summary judgment that Mike take nothing on his claims to the Land. She attached no evidence to her motion but raised two grounds—the affirmative defenses of the statute of frauds and limitations.

Mike cross-moved for a summary judgment on his claims to the Land, including arguing that he became the owner of Donald's interest once he fully performed all his obligations under their oral contract of purchase. He attached evidence to his motion in the form of affidavit testimony and exhibits that, among other things, showed the history of all the payments that he

3

had made to buy Donald's interest; explained that Mike had paid the property-tax amounts owed; and showed tens of thousands of dollars' worth of improvements to the Land that he paid for, some of which were completed before he made the final contractual payment in April 2010 and the rest of which were completed after.

Louetta responded to Mike's motion and filed an amended motion for summary judgment of her own. The only evidence that she attached to her response and amended motion was the August 1994 deed showing Donald's acquisition of the Land. In her amended motion she continued to rely on the two grounds that she had before—the statute of frauds and limitations—and added two arguments unnecessary for us to reach here.

After an oral hearing on the cross-motions, the trial court signed the summary judgment that is the subject of this appeal. In it, the court granted Louetta's motion, denied Mike's, and ruled that her affirmative defenses were meritorious. The judgment says that the Land "is owned by the Estate of Donald Franklin Felps, and that any alleged transfer of ownership to Mike Felps is not enforceable." The judgment goes on to "dismiss[] and bar[]" any "claim of ownership of the [Land] by Mike Felps."

**II**

We review summary judgments *de novo*. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A summary judgment is proper when no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. *Angel v. Tauch*, 642 S.W.3d 481, 488 (Tex. 2022). When movants carry their burden to make this showing, the burden then shifts to the nonmovant to disprove or raise a genuine issue of material fact to defeat summary judgment. *See Chavez v. Kansas City S. Ry. Co.*, 520 S.W.3d 898, 900 (Tex. 2017) (per curiam).

4

When, as here, both sides move for a summary judgment on the same issues and the trial court grants one motion and denies the other, we consider the summary-judgment evidence presented by both sides; determine all questions presented; and if the trial court erred, render the judgment that the court should have rendered. *See FDIC v. Lenk*, 361 S.W.3d 602, 611 (Tex. 2012). Each cross-movant must prove its entitlement to judgment as a matter of law and bears the nonmovant's burden in response to the opponent's motion if the motion has successfully shifted the burden. *See Cactus Water Servs., LLC v. COG Operating, LLC*, 718 S.W.3d 214, 223–24 (Tex. 2025); *Gaut v. Amarillo Econ. Dev. Corp.*, 921 S.W.2d 884, 886–87 (Tex. App.—Austin 1996, no writ) (per curiam).

When defendants seek summary judgment based on the affirmative defense of the statute of frauds and the plaintiff seeks to defeat the defense by asserting an exception to its operation, the plaintiff must raise a genuine issue of material fact on the asserted exception. *See Winkenhower v. Smith*, No. 04-15-00077-CV, 2015 WL 6900306, at *5 (Tex. App.—San Antonio Nov. 10, 2015, no pet.) (mem. op.); *Kalmus v. Oliver*, 390 S.W.3d 586, 589 (Tex. App.—Dallas 2012, no pet.); *see also Dynegy, Inc. v. Yates*, 422 S.W.3d 638, 641 (Tex. 2013) ("The statute of frauds generally renders a contract that falls within its purview unenforceable. The party pleading the statute of frauds bears the initial burden of establishing its applicability. Once that party meets its initial burden, the burden shifts to the opposing party to establish an exception that would take the verbal contract out of the statute of frauds." (citations omitted)).

### III

Mike's and Louetta's cross-motions join issue over his affirmative claims for relief, her affirmative defenses of the statute of frauds and limitations, and his arguments and proof

supporting one or more exceptions to the statute of frauds and supporting the inapplicability of the asserted statute of limitations. As mentioned above, among his arguments on appeal is that the trial court erred by granting Louetta's motion and denying his because he proved as matter of law his affirmative claim for title to Donald's interest in the Land and proved as a matter of law that her affirmative defenses did not bar his claim.

As we explain below, he carried his summary-judgment burden by proving as a matter of law a claim for trespass to try title and by defeating her affirmative defenses as a matter of law. The trial court thus erred by granting her motion and denying his.[4]

*A*

We begin with a proper characterization of one of Mike's affirmative claims for relief. Among other theories and allegations, he pleaded that he is the proper title owner of Donald's former interest in the Land because of an oral purchase contract between the two. Because Mike seeks title to Donald's former interest, he pleaded a claim in trespass to try title, which is *the* method of determining title to lands. *See Brumley v. McDuff*, 616 S.W.3d 826, 831–32 & nn.21, 25 (Tex. 2021); *see also id.* at 836 ("In substance and effect, the Brumleys sued for title to the disputed property. In describing their claim as an 'action to quiet title,' the Brumleys did not

---

[4] Although the summary judgment on appeal here did not resolve all remaining claims in the probate proceeding overall, probate proceedings may involve multiple final judgments, each of which may be appealed in the ordinary course. *See In re Est. of Wheatfall*, 729 S.W.3d 788, 790–91 (Tex. 2026) (per curiam). If any judgment or order in a probate suit disposes of all parties and issues in a particular phase of the proceeding, then it is final and appealable. *See id.* at 791. The summary judgment here is final and appealable under this test—it fully resolved against Mike all claims and issues related to his assertion that the Land is not part of Donald's estate. *See Logan v. McDaniel*, 21 S.W.3d 683, 688–89 (Tex. App.—Austin 2000, pet. denied); *Christensen v. Harkins*, 740 S.W.2d 69, 70–74 (Tex. App.—Fort Worth 1987, no writ); *Bowen v. Hazel*, 723 S.W.2d 795, 797 (Tex. App.—Texarkana 1987, no writ).

6

nullify the substance of their . . . allegations. A suit that seeks to resolve a title dispute is, in effect, an action in trespass to try title, whatever its form."). Mike agrees, telling us that his dispute over the Land "is in substance an action for trespass to try title." *See Texas Health & Hum. Servs. Comm'n v. Kadia*, 704 S.W.3d 84, 106 (Tex. App.—Austin 2024, no pet.) ("[Plaintiff] is the master of his complaint.").

***B***

A claim in trespass to try title can be sustained by pleading and proof of equitable title to the land. *See Stelly v. DeLoach*, 644 S.W.3d 657, 659–60 (Tex. 2022); *Johnson v. Wood*, 157 S.W.2d 146, 148 (Tex. [Comm'n Op.] 1941); *see also Binford v. Snyder*, 189 S.W.2d 471, 474 (Tex. 1945) ("Mrs. Snyder can recover an equitable title under the ordinary formal averments contained in a statutory action of trespass to try title without the necessity of specially pleading her equitable title."). Such a claim may succeed at summary judgment. *See High Rd. on Dawson v. Benevolent & Protective Ord. of the Elks of the U.S., Inc.*, 608 S.W.3d 869, 881 (Tex. App.—Houston [14th Dist.] 2020, pet. denied).

Equitable title is distinct from, and superior to, legal title and is the present right to compel legal title. *See Travis Cent. Appraisal Dist. v. Signature Flight Support Corp.*, 140 S.W.3d 833, 840 (Tex. App.—Austin 2004, no pet.); *Rubio v. Rubio*, No. 13-17-00682-CV, 2020 WL 4035515, at *7 (Tex. App.—Corpus Christi–Edinburg July 16, 2020, no pet.) (mem. op.). With exceptions not relevant here, equitable title "is the real ownership, and the legal estate is no more than the 'shadow following the equitable estate,' which is the substance."[5] *Neeley v. Intercity*

---

[5] The rules of equitable titles serve important purposes, including (a) undergirding Texas mortgage law, *see, e.g.*, *Flag–Redfern Oil Co. v. Humble Expl. Co.*, 744 S.W.2d 6, 8 (Tex. 1987); (b) protecting fully performing buyers against their sellers' creditors who are seeking repayment

*Mgmt. Corp.*, 623 S.W.2d 942, 951 (Tex. App.—Houston [1st Dist.] 1981, no writ) (quoting with alteration *Patty v. Middleton*, 17 S.W. 909, 912 (Tex. 1891)).

Buyers of land become vested with equitable title when they have performed all their obligations under the contract to buy the land—"[u]pon such performance" the buyer becomes vested with an equitable title sufficient for a claim in trespass to try title. *Johnson*, 157 S.W.2d at 148; *accord Stelly*, 644 S.W.3d at 659–60; *Stafford v. Stafford*, 70 S.W. 75, 76 (Tex. 1902). Such a holder of an equitable title does not need to resort to a claim for specific performance. *See Pickle v. Whitaker*, 224 S.W.2d 741, 745 (Tex. App.—El Paso 1949, writ ref'd) ("Where a vendee has performed and delivered the consideration entitling him to a conveyance, an equitable title is created. Vendee is entitled to recover on the title so created, and the court will so decree and the remedy of specific performance is unnecessary and is not awarded. An equitable title is the present right to the legal title.").

Here, Mike pleaded that he had bought from Donald the latter's interest in both Felps Automotive and the real estate where the business's building sits—the Land. Mike also pleaded that (a) he and Donald entered into a contract covering Mike's purchase of the Land and (b) he fully performed his obligations under that contract:

> [Mike] has fully paid for the business known as Felps Automotive and paid for the [Land] prior to the death of Donald Franklin Felps on August 21, 2015; . . . the purchase price for the business was all of [Mike]'s interest in accumulated income of the business and additionally the payment of approximately $18,000.00 in

---

for other debts, *see, e.g.*, *Cadle Co. v. Harvey*, 46 S.W.3d 282, 287 (Tex. App.—Fort Worth 2001, pet. denied); *Gaona v. Gonzales*, 997 S.W.2d 784, 787 (Tex. App.—Austin 1999, no pet.); and (c) supporting tax benefits for, as examples, religious organizations, *see South ½ Block 8 Venture v. Travis Cent. Appraisal Dist.*, 731 S.W.3d 642, 648–54 (Tex. App.—Austin 2025, no pet.), and the kinds of ownership structures behind low- and moderate-income-housing projects that are common given "the realities of the commercial housing industry," *see AHF–Arbors at Huntsville I, LLC v. Walker Cnty. Appraisal Dist.*, 410 S.W.3d 831, 836–39 (Tex. 2012).

payments made over the course of months, and . . . the purchase price of the real property, being $85,000.00, was paid in monthly payments over the course of time with the last payment being marked "Final Property Payment", dated April 10, 2010. . . . [Mike] has fully performed his obligations to purchase and pay for the business (Felps Automotive) and [the Land].

He attached to his live pleading copies of the supporting payment records.

And he moved for a summary judgment on his claim in trespass to try title. He attached evidence to his motion, in the form of his affidavit testimony and exhibits, that established as a matter of law that a valid oral contract existed between Donald and him for him to buy the Land. *See Gilbert v. Fitz*, No. 05-16-00218-CV, 2016 WL 7384167, at \*4–6 (Tex. App.—Dallas Dec. 21, 2016, no pet.) (mem. op.) (concluding that at summary judgment plaintiff had proven valid oral contract as a matter of law); *Lopez v. Bucholz*, No. 03-15-00034-CV, 2017 WL 1315377, at \*6 (Tex. App.—Austin Apr. 7, 2017, no pet.) (mem. op.) (elements of valid oral contract); *271 Truck Repair & Parts, Inc. v. First Air Express, Inc.*, No. 03-07-00498-CV, 2008 WL 2387630, at \*4 (Tex. App.—Austin June 11, 2008, no pet.) (mem. op.) (stating that (a) when deciding existence of valid oral contract, courts look to parties' communications and to acts and circumstances surrounding the communications and (b) existence of valid oral contract may be proven by circumstantial evidence); *cf. Spangler v. Liss*, No. 14-22-00144-CV, 2024 WL 1207300, at \*4 (Tex. App.—Houston [14th Dist.] Mar. 21, 2024, no pet.) (mem. op.) (concluding that Dead Man's Rule had been waived and collecting cases about waiver of Rule). His evidence also established as a matter of law that he had fully performed all his obligations under the contract.

In the face of all this, in neither her trial-court summary-judgment filings nor her appellate briefing has Louetta contested whether Mike proved as a matter of law either the existence of a valid oral contract or his full performance of the contract. In other words, she has not

challenged Mike's proof of his own affirmative claim.  Instead, as to the contract, she challenged its enforceability based on the statute of frauds, and she also challenged Mike's right to relief because of her affirmative defense of limitations.  Therefore, her lone summary-judgment arguments—her two affirmative defenses—must preclude summary judgment for him.  *See Nall v. Plunkett*, 404 S.W.3d 552, 555 (Tex. 2013) (per curiam) ("A trial court cannot grant summary judgment on grounds that were not presented.").  If they do not, then he proved as a matter of law his ownership of equitable title to the Land, proof of which is sufficient to sustain his trespass-to-try-title claim.  *See Stelly*, 644 S.W.3d at 659–60; *Johnson*, 157 S.W.2d at 148.

## C

Under the applicable statute of frauds, a contract for the sale of real estate is unenforceable unless the agreement, or a memorandum of it, is in writing and signed by the person to be charged with it or by someone lawfully authorized to sign for the person.  *See* Tex. Bus. & Com. Code § 26.01(a), (b)(4); *Copano Energy, LLC v. Bujnoch*, 593 S.W.3d 721, 723, 727 (Tex. 2020).  But equity allows a plaintiff to overcome the bar of the statute of frauds upon pleading and proof of three elements.  *See Sharp v. Stacy*, 535 S.W.2d 345, 347 (Tex. 1976); *Maloy v. Wagner*, 217 S.W.2d 667, 670 (Tex. 1949); *Hooks v. Bridgewater*, 229 S.W. 1114, 1116 (Tex. 1921).

The first is that the plaintiff paid the consideration due under the oral contract for the purchase of the land.  *See Hooks*, 229 S.W. at 1116.

The second concerns the seller's surrender of ownership and control of the land to the buyer and the buyer's taking possession of the land.  *See Harris v. Potts*, 545 S.W.2d 126, 127 (Tex. 1976); *Sharp*, 535 S.W.2d at 350.  The buyer's possession must "evidence a 'right of control which pertains to the status of owner' or be 'possession which in itself attests the fact that such

10

possession is intended as a delivery under the'" parties' agreement. *See Sharp*, 535 S.W.2d at 350 (quoting *Dawson v. Tumlinson*, 242 S.W.2d 191, 194 (Tex. 1951)). These are "broad principles" that do not require the plaintiff to prove "exclusive physical possession" by the buyer. *Id.*

The third element, first set forth fully in *Hooks*, is "[t]he making by the [buyer] of valuable and permanent improvements upon the land with the consent of the [seller]; or, without such improvements, the presence of such facts as would make the transaction a fraud upon the [buyer] if it were not enforced."[6] 229 S.W. at 1116. The improvements need to have been made in reliance on the oral agreement. *See Jones v. Mawman*, 200 S.W.2d 819, 820 (Tex. 1947).

Here, Mike's summary-judgment evidence proved as a matter of law all three elements. His affidavit testimony and exhibits proved that he fully performed all his obligations under the contract with Donald, including fully paying the purchase price. His evidence also proved that Donald had surrendered possession of the Land to him after the last payment was made in April 2010 and that ever since Mike has been in sole and exclusive possession of the Land, operating Felps Automotive from it. And his evidence proved that after he and Donald had formed the contract, and both before and after Donald surrendered possession of the Land to him, Mike made many thousands of dollars' worth of improvements to the Land and that Donald never objected.

---

[6] The Supreme Court of Texas has since said that "the law as . . . stated [in *Hooks*] has been consistently followed." *Dawson v. Tumlinson*, 242 S.W.2d 191, 192 (Tex. 1951); *see also Pappas v. Gounaris*, 311 S.W.2d 644, 646 (Tex. 1958) ("[*Hooks*] has never been overruled by this Court, but it is still recognized as the law."). And it has since formulated the *Hooks* third element as requiring proof that the improvements were made "with the consent of" the seller. *See Sharp v. Stacy*, 535 S.W.2d 345, 347 (Tex. 1976). Yet in 1949, the Court seemed to suggest an optionality between the second and third elements—that the seller's consent to the improvements need not be proven when the buyer had been "placed in possession" of the land before the improvements were made. *See Maloy v. Wagner*, 217 S.W.2d 667, 671 (Tex. 1949). Here, even if the more relaxed version of the *Hooks* rule as construed by *Maloy* is not presently the law, Mike still put forward summary-judgment evidence proving as a matter of law all three elements of this equitable exception to the operation of the statute of frauds.

Mike had turned what had largely been a shell building on the Land into a working auto shop from which he could operate Felps Automotive as its sole owner.

Louetta does not contest whether at summary judgment Mike proved as a matter of law all three elements of this equitable exception to the statute of frauds. Instead, she focuses on the law's requirement that a writing sufficient to fulfill the statute of frauds is one that sufficiently describes the land being conveyed. *See, e.g.*, *ConocoPhillips Co. v. Hahn*, 704 S.W.3d 515, 531 & n.32 (Tex. 2024) (citing *Pick v. Bartel*, 659 S.W.2d 636, 637 (Tex. 1983)). From this requirement she argues, mistakenly, that "Mike's proposed exception[] to the statute of frauds . . . relate[s] to the requirement for a sufficient *writing*—not a sufficient *property description*." But the equitable exception advanced by Mike requires no writing at all. It concerns "reliev[ing] a *parol* sale of land from the operation of the statute of frauds." *See Sharp*, 535 S.W.2d at 347 (emphasis added); *accord Hooks*, 229 S.W. at 1116–17.

Because Mike proved as a matter of law all three elements of this equitable exception, we conclude that the statute of frauds was not a legally appropriate ground on which the trial court could have granted Louetta's motion for summary judgment and denied his.

### D

Louetta's only remaining ground for a summary judgment in her favor and for denying summary judgment for Mike is her affirmative defense of limitations. She asserts the four-year limitations period governing specific performance of a contract for the conveyance of real property. *See* Tex. Civ. Prac. & Rem. Code § 16.004(a)(1). Even if she is correct that one of Mike's affirmative claims in the suit was one for specific performance, he otherwise pleaded a claim in trespass to try title arising from the equitable title that he acquired upon his full perform-

ance of the oral contract with Donald. The four-year statute does not apply to such a claim. *See Stelly*, 644 S.W.3d at 659–60; *Jackson v. Hernandez*, 285 S.W.2d 184, 191 (Tex. 1955); *Johnson*, 157 S.W.2d at 148; *Stafford*, 70 S.W. at 76; *see also Pickle*, 224 S.W.2d at 745 ("Where a vendee has performed and delivered the consideration entitling him to a conveyance, an equitable title is created. Vendee is entitled to recover on the title so created, and the court will so decree and the remedy of specific performance is unnecessary and is not awarded. An equitable title is the present right to the legal title."). We thus conclude that limitations was not a legally appropriate ground on which the trial court could have granted her motion for summary judgment and denied Mike's.

\*　　\*　　\*

We sustain the portions of Mike's issues by which he contends that the trial court erred by rendering a summary judgment for Louetta and denying his motion for summary judgment on his claim in trespass to try title based on the oral contract with Donald. We need not reach any other issue. *See* Tex. R. App. P. 47.1. We reverse the trial court's judgment and render judgment for Mike on his claim in trespass to try title under the contract and thus render judgment that Mike owns legal title to Donald's former interest in the Land. *See Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex. 1988) (per curiam) (providing that in circumstances like those here, appellate court may render judgment for appellant).

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Kelly and Ellis

Reversed and Rendered

Filed: July 16, 2026

13